UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

THERESA E. BAUER                                                  PLAINTIFF

v.                                        CIVIL ACTION NO. 4:21-CV-P17-JHM

MIKE LEWIS *et al.*                                           DEFENDANTS

**MEMORANDUM OPINION**

This is a *pro se* prisoner civil-rights action brought by Plaintiff Theresa E. Bauer pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss this action.

**I.**

In the complaint, Plaintiff indicates that she is a convicted prisoner incarcerated at Hopkins County Jail (HCJ). She names as Defendants HCJ Jailer Mike Lewis, Shift Commander Nosco, and Walk Officer Brittany Helton.

Plaintiff alleges that while she was being escorted to the "rec yard" at HCJ by Defendant Helton, she slipped in a puddle of water. She states that there were no caution signs around the puddle and that Defendant Helton did not warn her about the puddle. Plaintiff states that she was not taken to medical until she put in a request. She further alleges that when she was seen by a medical provider, she was provided ibuprofen, but not x-rayed as she asked.

As relief, Plaintiff seeks damages and release on parole.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the complaint, or any portion of it, if the court determines that the complaint is frivolous or malicious, fails to state a

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'  Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), "[o]ur duty to be 'less stringent' with pro se complaints does not require us to conjure up unpled allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).  And this Court is not required to create a claim for Plaintiff.  *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

The Court construes the complaint as asserting Eighth Amendment claims for deliberate indifference to Plaintiff's safety and deliberate indifference to a serious medical need. The Court will address each in turn.

#### 1. Deliberate Indifference to Safety

The Eighth Amendment's prohibition of "cruel and unusual punishments" requires prison officials to "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). A prisoner who alleges that that her safety was endangered due to the conditions of confinement must show that prison officials acted with "deliberate indifference" to inmate health or safety. *Id*. at 828-29 (1994).

"[F]ederal courts have nearly unanimously held that a 'slip and fall, without more, does not amount to cruel and unusual punishment' under the Eighth Amendment." *Lamb v. Howe*, 677 F. App'x 204, 208 (6th Cir. Jan. 23, 2017) (citing *Reynolds v. Powell*, 370 F.3d 1028, 1031 (10th Cir. 2004) (internal quotations and citations omitted); *see also White v. Tyszkiewicz*, 27 F. App'x 314, 315 (6th Cir. 2001) (dismissing a prisoner's complaint alleging deliberate indifference where prisoner slipped and fell on ice); *Bell v. Ward*, 88 F. App'x 125, 127 (7th Cir. 2004) (finding no § 1983 violation where prisoner claimed that officials were aware of slippery conditions created by other prisoners but took no action to remedy the problem and where the prisoner slipped and fell due to those conditions); *LeMaire v. Maass*, 12 F.3d 1444, 1457 (9th Cir. 1993) (holding that slippery prison floors "do not state even an arguable claim for cruel and unusual punishment") (quoting *Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir. 1989)).

Thus, the Court will dismiss Plaintiff's claim of deliberate indifference to her safety based upon her allegation that she slipped and fell in a puddle of water for failure to state a claim upon which relief may be granted.

### 2. Deliberate Indifference to a Serious Medical Need

Plaintiff also alleges that she was not taken to "medical" immediately after she fell and that, when she seen by a medical provider, she was prescribed ibuprofen but not x-rayed as she requested.

To satisfy the objective component of an Eighth Amendment claims for deliberate indifference to a serious medical need, a plaintiff must allege that the medical need at issue is sufficiently serious. *Farmer*, 511 U.S. at 834. The objective component of the adequate-medical-care test is satisfied "[w]here the seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 899 (6th Cir.

2004); *see also Phillips v. Roane Cty.*, 534 F.3d 531, 539-40 (6th Cir. 2008). If the plaintiff's claim is based on "the prison's failure to treat a condition adequately, or where the prisoner's affliction is seemingly minor or non-obvious," *Blackmore*, 390 F.3d at 898, the plaintiff must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001) (internal quotation marks omitted). Applying this standard, there is nothing in the complaint which suggests that Plaintiff suffered from an objectively serious medical need after she fell. Plaintiff, moreover, has failed to allege that any delay in receiving medical treatment had a detrimental effect upon her health.

The Court next turns to the subjective component of a medical care claim. Under the subjective prong, a plaintiff must show: (1) "the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner"; (2) the official "did in fact draw the inference"; and (3) the official "then disregarded that risk." *Rouster v. Cty. of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014).

In addition, in *Alspaugh v. McConnell*, the Sixth Circuit held as follows:

> "[W]e distinguish between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976). Where a prisoner alleges only that the medical care he received was inadequate, "federal courts are generally reluctant to second guess medical judgments." *Id*. However, it is possible for medical treatment to be "so woefully inadequate as to amount to no treatment at all." *Id*.

643 F.3d 162, 169 (6th Cir. 2011).

The Sixth Circuit has also held that "[a] plaintiff alleging deliberate indifference must show more than negligence or misdiagnosis of an ailment." *Johnson v. Karnes*, 398 F.3d 868, 874 (6th Cir. 2005). A plaintiff must also show that her claim involves more than a difference of

opinion between the plaintiff and a doctor regarding the plaintiff's diagnosis and treatment. *Westlake v. Lucas*, 537 F.2d at 860, n.5.

The complaint establishes that Plaintiff was seen by a medical provider after her fall and that she was prescribed pain medication. Although the medical provider allegedly failed to order x-rays for Plaintiff as she requested, this allegation does not establish deliberate indifference. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. at 107 ("A medical decision not to order an x-ray, or like measures, does not represent cruel or unusual punishment. At most it is medical malpractice, and as such the proper forum is the state court."); *see also Grose v. Corr. Med. Serv., Inc.*, 400 F. App'x. 986, 988 (6th Cir. 2010) (affirming that a claim based upon a failure to order x-rays is not actionable under the Eighth Amendment).

Thus, because the complaint fails to contain information which satisfies either the objective or subjective component of an Eighth Amendment claim for deliberate indifference to a serious medical need, this claim is also subject to dismissal for failure to state a claim upon which relief may be granted.

V.

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date: July 16, 2021

*[Signature]*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
      Defendants
      Hopkins County Attorney
4414.011